# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 5:05-cr-00224-03

MICHAEL JANNEY,

        Defendant.

### REVOCATION OF SUPERVISED RELEASE AND JUDGMENT ORDER

On April 28, 2009, the Defendant, Michael Janney, appeared in person and by counsel, Lex A. Coleman, AFPD, for a hearing on the *Report on Offender Under Supervision* submitted by the Defendant's supervising probation officer. The United States was represented at the hearing by Miller A. Bushong III, AUSA. United States Probation Officer Amy Berry Richmond was also present at the hearing.

On May 23, 2006, the Defendant was sentenced to a term of imprisonment of 32 months to be followed by a 3-year term of supervised release. On March 6, 2008, the Defendant's sentence was reduced to a term of imprisonment of 24 months to be followed by a 3-year term of supervised release. The Defendant began serving the term of supervised release on March 10, 2008. On November 14, 2008, the *Report on Offender Under Supervision* [Docket 314] was filed charging the Defendant with violating certain conditions of supervised release. On November 24, 2008, an *Amendment to Violation Report* [Docket 324] was filed, and on March 17, 2009, a *Second Amendment to Violation Report* [Docket 347] was filed.

At the hearing, the Court found that the Defendant had received written notice of the alleged violations as contained in the *Report* and in the two amendments, and that the evidence against the Defendant had been disclosed.  The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

The Court then found, by a preponderance of the evidence, that the Defendant violated certain conditions of supervised release as contained in the *Report* and in the two amendments, specifically:

1) **Violation of unnumbered standard condition: The defendant shall not commit another federal, state, or local crime**: The [defendant] was arrested on November 2, 2008, by members of the Beckley Police Department and charged with the following violations of West Virginia State Code:  60A-4-401(c):  Illegal possession of a controlled substance (hydrocodone) [and] 17B-4-3(b):  Driving while revoked for DUI (first offense)[;]

2) **Violation of unnumbered standard condition: The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance**:  On April 26, 2008, the [defendant] submitted a urine specimen which was positive for marijuana.  He also submitted a urine specimen on October 23, 2008, which was positive for [oxycodone[1]].  On February 19 and 20, 2009, [the defendant] submitted urine specimens that tested positive for oxycodone and marijuana, respectively.  The specimen of February 20 indicated an interfering agent, and therefore the laboratory was unable to confirm the initial presumptive presence of oxycodone. [The defendant] submitted urine specimens on March 5 and 10, 2009, that tested positive for amphetamine and oxycodone, respectively[;]

3) **Violation of standard condition number 7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician**: [The conduct outline in violation number one is re-alleged.]  According to the criminal complaint filed by the Beckley police officer, the [defendant] had a red container in his front jacket pocket which

---

[1] In the original *Report on Offender Under Supervision* [Docket 314], Violation Number 2 alleges that the urine specimen submitted by the Defendant on October 23, 2008, tested positive for hydrocodone.  However, in the *Amendment to Violation Report* [Docket 324], it is noted that the Defendant had a valid prescription for hydrocodone, and that allegation was withdrawn.  However, it is further noted in the *Amendment to Violation Report* that the Defendant's October 23, 2008 urine specimen had also tested positive for oxycodone.

      contained three white pills that were each determined to be ten milligrams of hydrocodone, a Schedule III controlled substance[;]

4) **Violation of standard condition number 11: The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer**: The [defendant] failed to notify the [probation] officer of his arrest on November 2, 2008[;]

5) **Violation of special condition number 1: The defendant shall participate, as directed by the probation officer and approved by the Court, in a program for the treatment of narcotic addiction, drug dependency, or alcohol dependency, which will include urinalysis testing or other drug detection measures and may require residence or participation in residential treatment facility, until such time the defendant is released from the program by the probation officer with the Court's approval**: [The defendant] submitted negative invalid or diluted urine specimens on March 28 and April 1, 2008. In addition, he failed to appear for his random urine screens on April 15; October 17, 20; and November 3, 2008. Furthermore, the defendant has declined treatment referral by the probation officer[; and]

6) **Violation of the Court's Order of December 16, 2008: The defendant shall participate in out-patient counseling as directed by his probation officer**: On February 16, 2009, the [defendant] contacted Pyramid Counseling and cancelled his counseling session. The session was rescheduled for February 19, 2009; however, the [defendant] failed to appear for his session. [The defendant] also failed to appear for his counseling session on March 9, 2009.

In making these findings, the Court relied upon the information contained in the *Report* and in the two amendments, and the Defendant's statement that he does not contest the violations contained therein.

Having found the Defendant to be in violation of the conditions of supervised release, the Court **REVOKED** the Defendant's supervised release and entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **9 MONTHS**. The Defendant shall be given credit for time served as appropriately calculated by the Bureau of Prisons. The Court **RECOMMENDS** to the Bureau of Prisons that the Defendant be incarcerated at FPC Beckley, or an appropriate prison camp, and that he be located as close as possible to Beckley, West Virginia. Upon release from prison, the Defendant shall be placed on supervised release for a term of **24 MONTHS**. Within 72 hours of release

from custody, the Defendant shall report in person to the United States Probation Office in the district to which the Defendant is released. While on supervised release, the Defendant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance. The Defendant must also comply with the standard terms and conditions of supervised release as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West Virginia, including the special condition that the Defendant shall participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer, until such time as the Defendant is released from the program by the probation officer. In addition, the Defendant shall comply with the following **SPECIAL CONDITIONS OF SUPERVISED RELEASE**:

1) Upon his release from custody, the Defendant shall participate in an in-patient drug treatment program as approved by his probation officer;

2) The Defendant shall enter into the in-patient drug treatment program as soon as a bed becomes available for him; and

3) The Defendant shall comply with all rules and regulations of the treatment program.

The Defendant was remanded to the custody of the United States Marshal.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:     May 1, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

4