IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                CRIMINAL ACTION NO. 5:05-cr-00224-03

MICHAEL JANNEY,

        Defendant.

**REVOCATION OF SUPERVISED RELEASE AND JUDGMENT ORDER**

On April 23, 2010, the Defendant, Michael Janney, appeared in person and by counsel, Lex A. Coleman, Assistant Federal Public Defender for a hearing on the *Petition for Warrant or Summons for Offender Under Supervision* and *Second Amendment to Violation Petition* submitted by the Defendant's supervising probation officer. The United States was represented at the hearing by John L. File, Assistant United States Attorney. United States Probation Officer Amy Berry-Richmond was also present at the hearing.

On May 23, 2006, the Defendant was sentenced to a term of imprisonment of 32 months to be followed by a 3 year term of supervised release. Defendant's sentence subsequently was reduced to 24 months pursuant to 18 U.S.C. § 3582(c)(2). On April 1, 2010 the *Petition for Warrant or Summons for Offender Under Supervision* was filed charging the Defendant with violating certain conditions of supervised release. On April 22, 2010, the *Second Amendment to Violation Petition* was filed charging the Defendant with violating additional conditions of supervised release.

At the hearing, the Court found that the Defendant had received written notice of the alleged violations as contained in the *Petition* and *Amendment*, and that the evidence against the Defendant

had been disclosed. The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

The Court then found, by a preponderance of the evidence, that the Defendant violated certain conditions of supervised release as contained in the *Petition* and *Amendment*, specifically:

1) <u>Violation of Standard Condition: The defendant shall not commit another federal, state, or local crime.</u>

   The offender was arrested on February 4, 2010, by members of the Kanawha County Sheriff's Department and charged with violations of West Virginia State Code 17B-4-3b, driving revoked for DUI; and 17C-61a, failure to maintain control.

2) <u>Violation of standard condition: The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.</u>

   On March 17, 2010, the offender submitted a urine specimen which was positive for oxycodone. Mr. Janney did not have a valid prescription for oxycodone on that date.

3) <u>Violation of standard condition number 7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.</u>

   [Probation Officer Berry-Richmond] re-alleges the conduct outlined in violation number two.

4) <u>Violation of special condition of supervised release entered on May 1, 2009, that directed the offender to be placed in an in-patient drug treatment program as approved by the probation officer, and to comply with all rules and regulations of the treatment program.</u>

   Michael Janney failed to complete the L.E.A.R.N. Program, at FMRS Mental Health Center, Beckley, West Virginia, as ordered by the Court due to testing positive for oxycodone on March 17, 2010. Mr. Janney did not have a valid prescription for oxycodone on that date; therefore, he was discharged unsuccessfully from the program on March 19, 2010.

2&3 <u>Amendment to Violation Number 2: The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.</u>

> <u>Amendment to Violation Number 7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to such substances, except as prescribed by a physician.</u>
>
> On April 6, 2010, Mr. Janey submitted a urine specimen that appeared to test positive for marijuana. When questioned, Mr. Janney verbally admitted to having smoked marijuana.

In making these findings, the Court relied upon the information contained in the *Petition* and *Amendment*, and the Defendant's statement that he does not dispute the violations contained in the *Petition* and *Amendment.*

Having found the Defendant to be in violation of the conditions of supervised release, the Court **REVOKED** the Defendant's supervised release and entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **15 MONTHS**. The Defendant shall be given credit for time served as appropriately calculated by the Bureau of Prisons. The Court recommends to the Bureau of Prisons that the Defendant be placed at FCI Beckley SCP. The Court further recommends that the Defendant be evaluated for and placed in any and all appropriate substance and/or alcohol abuse treatment programs which may be offered by the Bureau of Prisons.

The Defendant was remanded to the custody of the United States Marshal.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

        ENTER:      April 26, 2010

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE